**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1268-22

ANAND DASH,

     Plaintiff-Appellant,

and

NEILL W. CLARK,[1]

     Plaintiff,

v.

TOWNSHIP OF SPARTA
ZONING BOARD OF
ADJUSTMENT, TOWNSHIP OF
SPARTA PLANNING BOARD,
and DIAMOND CHIP REALTY,
LLC,

     Defendants-Respondents.

_____

Submitted March 18, 2024 – Decided April 16, 2024

Before Judges DeAlmeida and Berdote Byrne.

---

[1] On March 18, 2023, we granted Neill W. Clark's motion to remove himself as an appellant, based upon his assertion of changed circumstances.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0303-22.

Herold Law, PA, attorneys for appellants (Robert F. Simon and John Peter Kaplan, on the brief).

Maraziti Falcon, LLP, attorneys for respondent Township of Sparta Zoning Board of Adjustment (Alyse Landano Hubbard, on the brief).

Vogel, Chait, Collins and Schneider, attorneys for respondent Township of Sparta Planning Board (Thomas F. Collins, Jr., and Thomas James Molica, on the brief).

Giordano, Halleran & Ciesla, PC, attorneys for respondent Diamond Chip Realty, LLC (Matthew Nicholas Fiorovanti and Adam Garcia, on the brief).

PER CURIAM

Plaintiff, Anand Dash, appeals from a December 2, 2022 Law Division order dismissing his prerogative writs complaint against defendants Township of Sparta Zoning Board of Adjustment (Zoning Board), Township of Sparta Planning Board (Planning Board), and Diamond Chip Realty, LLC (DCR). Plaintiff contends the trial court erred in dismissing his complaint instead of ruling he was entitled to review by the Zoning Board in accordance with our holding in DePetro v. Township of Wayne Planning Board, 367 N.J. Super. 161 (App. Div. 2004). We affirm substantially for the reasons set forth by Judge

2

Stuart A. Minkowitz in his thorough and well-reasoned, twelve-page opinion rendered on December 2, 2022.

We incorporate by reference the factual findings and legal conclusions contained in Judge Minkowitz's decision. We add the following comments.

DCR owns real property in the Township of Sparta located at 33 Demarest Road (the property). In November 2021, DCR submitted a land development application to the Planning Board, requesting preliminary site plan approval for a warehouse facility in the economic development (ED District) zone, which is an explicitly permitted use within the ED District as provided by the Township's Comprehensive Land Development Code (The Township Code).

The Planning Board held the first two hearings on the merits of DCR's application. Plaintiff, a resident of the Township, challenged DCR's proposed use and asserted the application fit the definition of a trucking terminal, which is a conditional use within the code. While DCR's site plan application was still pending before the Planning Board, plaintiff applied to the Zoning Board, pursuant to N.J.S.A. 40:55D-70(b),[2] seeking an interpretation of section 18-4.29 of the Township Code. Plaintiff submitted a "rider" attached to the application,

[2]  This statute authorizes zoning boards to "hear and decide requests for interpretation of the zoning map or ordinance." N.J.S.A. 40:55D-70(b).

explaining he was seeking a determination of whether DCR's proposed application met the definition of a permitted use warehouse pursuant to the ED District, conditional use trucking terminal, or "a use not permitted in the . . . Economic Development District." Relying on DePetro, plaintiff argued the Zoning Board was the proper entity to make this determination, not the Planning Board.

Two days later, the Planning Board proceeded with the next hearing, in which plaintiff questioned whether the Planning Board had jurisdiction to hear the current application because there was an issue of interpretation of the Township's ordinance. He again argued the Zoning Board, not the Planning Board, had the power to interpret an ordinance pursuant to DePetro. He further argued, because there was a pending interpretation application before the Zoning Board, the proceeding before the Planning Board must be stayed. Upon the advice of counsel, the Planning Board permitted DCR to continue presenting its application, finding a site plan application hearing is meant to determine whether an application conforms with the Township's ordinance, and it had previously asserted jurisdiction to hear the application for a warehouse. Lastly, it determined it did not have the authority to stay the application.

4

The Zoning Board determined it did not have jurisdiction pursuant to the Municipal Land Use Law (MLUL) to review a matter then pending before the Planning Board. It found the facts in DePetro were distinguishable from the present matter and concluded the Planning Board currently had jurisdiction over the application for a warehouse, and it had the authority to determine whether the site plan application conformed with the zoning ordinance. In essence, DCR had the burden to show the purpose listed in its application was for a permitted use in the zone as a warehouse, and the Planning Board would decide whether it met the ordinance. If the Planning Board decided the application was not for a warehouse, the Zoning Board would then have jurisdiction to hear any further applications by DCR.

On July 28, 2022, plaintiff filed an action in lieu of prerogative writs in the Law Division, challenging the Zoning Board's decision and seeking a determination that the use proposed by DCR was either not permitted in the ED District, or was for a conditionally permitted trucking terminal use within the ED District. Either determination would require a use variance that could be granted only by the Zoning Board. Additionally, he requested the court determine the Zoning Board, rather than the Planning Board, had jurisdiction to consider DCR's land development application and find the "Zoning Board's

actions resulted in an intentional deprivation of [his] property and due process rights."

DCR filed a motion to dismiss the complaint on September 9, 2022, seeking dismissal without prejudice for lack of jurisdiction. The Planning Board and Zoning Board later joined DCR's motion to dismiss.

On December 2, 2022, Judge Minkowitz, in a comprehensive order and written statement of reasons, concluded, because N.J.S.A. 40:55D-25(a)(2) gave planning boards the express authority to review site plan applications and the Planning Board in this matter had jurisdiction over DCR's application for a warehouse, the Planning Board had jurisdiction, pursuant to the statute, to review DCR's "site plan application to determine if the proposed use for the [p]roperty is permitted, conditional, or prohibited." Judge Minkowitz also concluded plaintiff had not requested an interpretation of the zoning ordinance, "[r]ather, [he] asked the Zoning Board to apply the zoning ordinances to the proposed use in the DCR application to see if the proposed use was a permitted, conditional, or prohibited use in the Township's ED."

On appeal, plaintiff continues to rely on our holding in DePetro to argue the Zoning Board is the only authorized board pursuant to the MLUL to interpret a zoning ordinance, and as a result, the Zoning Board was required to respond

6

to his interpretation application. He also asserts the Planning Board must be enjoined from continuing its hearings over the site plan application. Lastly, plaintiff asserts his due process rights were violated when the Zoning Board limited his testimony to five minutes.

We apply a plenary standard of review from a trial court's decision to grant a motion to dismiss pursuant to Rule 4:6-2(e). Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011) (citing Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005)). No deference is owed to the trial court's conclusions. Ibid.

Additionally, when reviewing a trial court's decision regarding the validity of a local board's determination, "we are bound by the same standards as was the trial court." Fallone Prop., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). We review de novo local boards' determinations on questions of law. Wilson v. Brick Twp. Zoning Bd. of Adjustment, 405 N.J. Super. 189, 197 (App. Div. 2009).

We conclude Judge Minkowitz properly granted the motion to dismiss because plaintiff did not request the Zoning Board interpret an ordinance; he requested the Zoning Board determine whether DCR's application was a permitted, conditional, or prohibited use in the Township's ED District. The

A-1268-22

Planning Board, not the Zoning Board, has jurisdiction over this type of question. We agree with Judge Minkowitz the Zoning Board properly declined jurisdiction because the Planning Board had jurisdiction over DCR's site plan application and was permitted to determine whether the application conformed with the zoning ordinance, pursuant to N.J.S.A. 40:55D-25(a)(2). Notwithstanding the exclusive authority of the Zoning Board to hear interpretation challenges pursuant to N.J.S.A. 40:55D-70(b), plaintiff's application was not an application for interpretation of the ordinance and the Zoning Board was not required to determine the substance of the application.

Plaintiff "asked the Zoning Board to apply the zoning ordinances to the proposed . . . DCR application," then pending before the Planning Board, to determine whether the use aligned with a trucking terminal, warehouse, or a prohibited use. The Law Division's determination in this matter is not a departure from DePetro. Pursuant to N.J.S.A. 40:55D-20, the Zoning Board did not have authority to substitute its judgment for that of the Planning Board.

To the extent we have not addressed plaintiff's remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1268-22